MEMORANDUM *
Jefferson Gatewood appeals from his judgment of conviction following a jury trial for 23 counts of aggravated sexual abuse, aggravated sexual abuse of a minor, attempted aggravated sexual abuse of a minor, sexual abuse of a minor, abusive sexual contact with a minor, and kidnap-' ping. Gatewood argues that the district court improperly applied Rule 403 and violated his due process rights in admitting prior acts evidence and that the district court should not have denied his motion to sever. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion a district court’s ruling under Rule 403 that evidence is more probative than prejudicial, United States v. LeMay, 260 F.3d 1018, 1024 (9th Cir.2001), and a district court’s denial of a motion for severance, United States v. Sullivan, 522 F.3d 967, 981 (9th Cir.2008). We affirm.
Under Federal Rule of Evidence 403, the district court may exclude relevant evidence if its probative value is substantially outweighed by unfair prejudice. Fed.R.Evid. 403. In determining whether to admit evidence of a defendant’s prior acts of sexual misconduct under Rule 403, the district court should consider factors including (1) “the similarity of the prior acts to the acts charged,” (2) the “closeness in time of the prior acts to the acts charged,” (3) “the frequency of the prior acts,” (4) the “presence or lack of intervening circumstances,” and (5) “the necessity of the evidence beyond the testimonies already offered at trial.” LeMay, 260 F.3d at 1027-28.
The district court correctly concluded that the prior acts evidence was similar to the charged acts given that the prior acts were the same offenses for which Gate-wood was charged and they were committed in the same context. See id. at 1028. Gatewood does not disagree.
The district court was also correct to conclude that the closeness in time factor weighed in favor of admissibility, given that almost all of the prior acts occurred during the same time period as the charged acts and that the earliest prior act *581 was ten or eleven years prior to the earliest charged act. See id. at 1029.
The district court likewise correctly concluded that the frequency of the prior acts weighed in favor of admissibility, and Gatewood does not disagree. The district court properly Concluded that the intervening circumstances factor was not relevant in this case.
Finally, the district court correctly concluded that the necessity factor weighed in favor of admissibility because the prior acts evidence would help corroborate the testimony of the victims of charged acts, a conclusion that was supported by the defendants’ arguments that the victims were lying and that there was no physical evidence supporting their allegations. See id. at 1028 (“prior acts evidence was relevant to bolster the credibility of the victims after [the defendant] suggested they could be fabricating the accusations” and to “counter[ ] [the defendant’s] claim that there was no evidence corroborating the testimony of [the victims of the charged conduct]”). The fact that the prior acts evidence may not have been absolutely necessary in order to convict Gatewood of the charged acts does not mean that the prior acts evidence had no probative value. Id. at 1029 (“Prior acts evidence need not be absolutely necessary to the prosecution’s case in order to be introduced; it must simply be helpful or practically necessary”).
The district court was correct to weigh the five factors and conclude that almost all of them weighed in favor of admissibility. The factors demonstrated that in this case the “strong prejudicial qualities” inherent in this type of prior acts evidence did not substantially outweigh the “significant probative value” of the specific prior acts evidence offered. Id. at 1027. There is no reason to think that the volume of similar evidence presented in this case would dramatically reduce the probative value of the prior acts evidence while leaving the prejudicial qualities of the prior acts evidence intact. Thus, the district court did not abuse its discretion in admitting the evidence.
Our holding that the prior acts were properly admitted under Rule 403 necessarily entails the conclusion that admission of the evidence did not violate Gatewood’s due process rights. LeMay, 260 F.3d at 1027.
With regard to Gatewood’s motion to sever, “[i]t is well-settled that the motion to sever must be renewed at the close of evidence or it is waived,” United States v. Sullivan, 522 F.3d 967, 981 (9th Cir.2008) (internal quotation marks omitted), quoting United States v. Alvarez, 358 F.3d 1194, 1206 (9th Cir.2004). The only exception to this rule is if the defendant “can show either that he diligently pursued severance or that renewing the motion would have been an unnecessary formality,” United States v. Decoud, 456 F.3d 996, 1008 (9th Cir.2006). Gatewood failed to renew his motion to sever, and he does not mention the issue in his opening brief or his reply brief. He has thus failed to show that the exception should apply to him and has waived the issue.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.